### STATE ex rel. STATE HIGHWAY COMMISSION

v.

### WILLIAMS et al.

No. 7170.

Springfield Court of Appeals, Missouri.

Dec. 2, 1953.

Not to be published in State Reports.

Robert L. Hyder, Minor C. Livesay, Jefferson City, Royle Ellis, Cassville, for appellant.

Sater & Monroe, Monett, for respondents.

McDOWELL, Presiding Judge.

This is a suit in condemnation brought in the Circuit Court of Barry County, March 7, 1950, to acquire right-of-way for a supplementary state highway. The cause was transferred, by change of venue, to Newton County, where it was tried before a jury, resulting in a verdict and judgment for $800 damages in favor of defendants. Plaintiff appealed.

The petition seeks to condemn 3.76 acres of defendants' land for the purpose of widening an existing road which crosses defendants' 100 acre tract of land running from the northwest to the southeast, a distance of 2,369 feet. The new right-of-way is to be 80 feet wide.

The commissioners appointed by the court to assess damages to defendants' land made a report finding the damages to be $500. Defendants filed exception to the report of commissioners and asked to have the damages assessed by a jury trial.

In our opinion we will refer to appellant as plaintiff and to the respondents as defendants, being the positions they occupied in the lower court.

Plaintiff's first assignment of error complains that the trial court erred in admitting the testimony of witness, Cal Carney, concerning the negotiations for sale of property not involved herein.

An examination of the record shows that plaintiff did not complain of this matter in the motion for new trial and, therefore, the trial court was not given an opportunity to pass upon this allegation of error.

42 V.A.M.S. Supreme Court Rule 3.23 provides:

"Allegations of error, in order to be preserved for appellate review, must be presented to the trial court in a motion for new trial; * * *." Taylor v. Baldwin, 362 Mo. 1224, 247 S.W.2d 741, 754; Handlan v. Handlan, 360 Mo. 1150, 232 S.W.2d 944, 946; Coleman v. Crescent Insulated Wire & Cable Co., 350 Mo. 781, 168 S.W.2d 1060, 1066.

This point, therefore, has been waived by plaintiff's failure to save and include such matter in its motion for new trial.

The second allegation of error complains of the giving of Instuctions numbered 1 and 2 because: They state statements of an abstract proposition of law not here in issue, and unduly impress upon the jury the fact that privately owned property is being taken for public use and that compensation must be paid; and the giving to the jury of two methods of arriving at the measure of damages was confusing and had a tendency to allow the jury to, by their verdict, award double damages.

Instruction numbered 1 reads as follows:

"The court instructs the jury that the plaintiff State Highway Commission, has, by law, the right to locate its highway over the property of the defendants and thereby take their property without their consent

and against their will; the law also declares that private property shall not be taken or damaged without just compensation to be paid to the owners; and what in this cause constitutes such a just compensation is a question to be decided by your verdict.

"In passing upon this question, if the jury find from the evidence that the defendants' property in question is damaged, then the jury should allow the defendant:

"First, the fair reasonable market value of the property actually taken by the plaintiff from the defendants' land, as shown by the evidence.

"And second, for such damages, if any, to the remainder of defendants' said land caused by the establishment, building and maintenance of the highway in question, over the defendants' land, which you may find from the evidence, defendant has sustained thereby; and the total amount found on account of these two items, less any special benefits, the amount of which has been proved, if any, as defined in other instructions herein, as will accrue to defendants' remaining property, will be your verdict for the defendants in this case, if your verdict in this case is for the defendants."

Instruction numbered 2 reads as follows:

"The Court instructs the Jury that by this proceeding, the plaintiff, the State of Missouri, has actually appropriated and taken from the defendants herein 3.76 acres of land out of the tract of 100 acres, more or less, described in evidence, and the easements described in evidence.

"The Jury are further instructed that under the constitution of this state private property cannot be taken for public use without just compensation being paid to the owner.

"The Plaintiff, the State of Missouri, has appropriated and taken for public use from said tract of 100 acres, more or less, described in evidence and from the owners thereof 3.76 acres all of which was the property of the defendants herein, the owners of said tract.

"It is your duty therefore, under the law, to assess the just compensation to be paid to said defendants, owners of said tract, for the taking of their property by the plaintiff.

"The just compensation to which the defendants are entitled by law is the difference in the fair market value of the defendants whole tract immediately before and immediately after the appropriation of the property taken by the plaintiff, the State of Missouri, in view of the uses to which the property was susceptible of being put.

"Said just compensation may be paid in money or in special benefits, to the remainder of defendant's land; or part in money and part in special benefits.

"In assessing said just compensation, you will take into account special benefits, if any, as defined in other instructions, that have been proved by the plaintiff."

Section 512.160, par. 2 RSMo 1949, V.A. M.S. provides:

"No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action."

Plaintiff's first contention, under this assignment of error, is that the instructions contained statements of an abstract proposition of law not in issue, and unduly impress upon the jury the fact that privately owned property is being taken for public use and that compensation must be paid.

To sustain this contention plaintiff cites State ex rel. State Highway Commission v. Huddleston, Mo.App., 52 S.W.2d 33. This case was decided by the Springfield Court of Appeals July 22, 1932. The instruction before the court was:

" 'The Court instructs the jury that under the Constitution of the State, private property cannot be taken for public use without just compensation being paid to the owner. The plaintiff in this case has taken a strip of land through defendant's lands for the purpose of a highway. Your verdict therefore must be for the defendants,

unless you find and believe from the evidence that special benefits will be derived by the defendants due to the appropriation of said strip of land and the construction of a highway thereon and that such benefits will equal or exceed the value of the strip of land taken and the damages, if any, sustained to the portion of defendants' land not taken.' "

It was contended in this case that this instruction stated an abstract proposition of law upon a question not put in issue by the pleadings or evidence, and tended to prejudice and mislead the jury. The court held that it was reversible error for the reason that the statements in the instruction were abstract propositions of law about matters not in issue and constituted reversible error. The court, in passing upon the matter, made this statement:

"This instruction undertakes to cover the whole case in submitting the defendants' interest to the jury. We think it is prejudicial to the plaintiff, and especially so in view of evidence that was offered over the objection of the plaintiff."

Plaintiff cites Kleinlein v. Foskin, 321 Mo. 887, 13 S.W.2d 648 under this same contention.

In this case we think the proper rule of law is declared by the Supreme Court. The court made the following statement of law 13 S.W.2d on page 654 of the opinion:

"It is not claimed by appellant that the instruction *misstates* the issues presented and made by the pleadings; on the contrary, the statement in the instruction (to the effect that defendant had not pleaded contributory negligence on the part of plaintiff in the answer, and therefore no such issue was before the jury for their consideration and deliberation) is true both in fact and in law. It seems to us that the most that can be said of the statement in the instruction is that (perhaps) the same amounts to a mere abstract statement of law. But it is a general and recognized rule of law that the giving of an abstract instruction will not warrant, or constitute ground for, a reversal of a judgment, unless it appears that

thereby the complaining party was injured or prejudiced, or that the jury could have been misled or confused."

The court cited a number of cases in announcing this rule which support the law as stated.

Plaintiff cites State ex rel. State Highway Commission of Missouri v. Baumhoff, 230 Mo.App. 1030, 93 S.W.2d 104, 111.

This case holds that parties desiring better form of instructions should have offered instructions clarifying what they deem defective or confusing in instruction complained of. The principle questions decided in this case were questions involving damages.

■ It has long been the law that each case must be decided upon the facts of the particular case. Our Supreme Court, in the case of State ex rel. State Highway Commission of Missouri v. Haid, 332 Mo. 606, 59 S.W.2d 1057, 1058, passed upon an instruction similar to the instructions in the case at bar complained of. The court, in this case, stated:

" * * * 'This instruction, in effect, told the jury that the state highway commission "is authorized and has the right at law to condemn the strip of land in question, to be used as part of the public road in question, through the exceptors' farm, and can take same in this proceeding without the consent and against the will of the exceptor; but you are further instructed that said plaintiff is required to pay therefor the fair and reasonable damages to these exceptors for taking their land for public use as a right of way for the road in question, and it is in your province to determine said damages, if any according to the law and rules as set out in other instructions in this case." '

"The complaint made against this instruction is that the part of the instruction which told the jury that plaintiff was 'authorized and had a right to take defendants' land without their consent and against their will' is an abstract proposition of law and for that reason should not have been given.

In each of the four cases cited by relator in an attempt to show conflict, the trial court refused to give an instruction containing an abstract proposition of law. We held in those cases that it was not error to refuse such an instruction, but we did not hold that it would be reversible error to give such an instruction. The doctrine of this court is that the giving of an abstract instruction will not constitute reversible error unless it appears that the complaining party has been prejudiced, or that the jury could have been misled thereby. Kleinlein v. Foskin, 321 Mo. 887, 900, 13 S.W.2d 648, and cases cited.

"The highway commission is the complaining party here. It is apparent that an instruction which told the jury that the highway commission had a lawful right to take a strip of land in question without the consent and against the will of the owners could not have possibly prejudiced or injured the commission. It would seem more reasonable to assume that an instruction informing the jury that the commission had a lawful right to take what it was attempting to take would have tended to help rather than harm the commission. Relator does not point to any decision of this court condemning an instruction similar to the one under consideration. * * *"

The Kansas City Court of Appeals in State ex rel. State Highway Commission v. Cook, Mo.App., 161 S.W.2d 691, 695, approved the following instruction:

" 'The court instructs the jury that by this proceeding the plaintiff, the State of Missouri, has actually appropriated and taken from the defendants Pearl Holt, John Holt, Leona Street and William Street 3.85 acres of land out of the tract of 100 acres, more or less, described in evidence and also the easements described in evidence.

" 'The jury are further instructed that under the constitution of this state private property cannot be taken for public use without just compensation being paid to the owner.

" 'The plaintiff, the State of Missouri, has appropriated and taken for public use from said tract of 100 acres, more or less, described in the evidence and from the owners thereof, 3.85 acres, all of which was the property of the said Pearl Holt, John Holt, Leona Street and William Street, the owners of said tract.

" 'It is your duty therefore, under the law, to assess the just compensation to be paid to said defendant owners of said tract for the taking of their property by the plaintiff.

" 'The "just compensation" to which the defendants are entitled by law is the difference in the fair market value of the defendants' whole tract immediately before and immediately after the appropriation of the property taken by the plaintiff, the State of Missouri, in view of the uses to which the property was susceptible of being put.' "

Following the law as laid down by the Supreme Court of this state that the giving of an abstract instruction will not constitute reversible error unless it appears that the complaining parties have been prejudiced, we find against plaintiff on the first contention made herein. We see no reason, under the facts in this case, which would lead us to believe that the statements made in the instructions would prejudice the jury or mislead them. There is no contention that the statements are not true as to the law and as to the facts. Therefore, we hold there was no reversible error committed because of the giving of abstract propositions of law in the two instructions.

The second contention made under this allegation of error is that two methods of arriving at the measure of damages was confusing and had a tendency to allow the jury, by their verdict, to award double damages.

There is no contention that each of the methods submitted did not properly declare the law. We find that under the Civil Code, Section 512.160 RSMo 1949, V.A.M.S., which provides that appellate courts shall not reverse a case unless the error materially affects the rights of the party that the errors complained of do not constitute reversible error.

We are wholly unable to find, from a reading of the two instructions complained of, how the jury could have been confused or how it would have been possible for them to have awarded double damages. This contention is denied.

The third assignment of error complained of is the giving of instruction numbered 3 for the reason that said instruction does not correctly define special benefits enjoyed by land abutting on a highway improvement.

Instruction numbered 3 reads as follows:

"The court instructs the jury that special benefits as mentioned in these instructions do not mean general benefits, if any, which the defendant derives in common with land owners in the vicinity from the widening of the road in question, but does mean benefits that are the direct and peculiar benefits, if any, which result to the remainder of the land of defendant not appropriated by plaintiff, and unless the plaintiff has shown special benefits as defined herein then you are not authorized to find that the lands of defendant have been benefited by the widening of said road."

Instruction numbered 7, given by the court, reads:

"You are instructed that the term 'special benefits', as used in these instructions, means any benefits causing an increase in the market value of a tract of land by reason of its position directly on an improved highway and which benefits are not enjoyed generally by other tracts of land in the neighborhood, no portion of which lands is taken by said highway; and such benefits are special and not general benefits, although conferred, if you so find, upon all the other tracts of land situated on the improved highway.

"You are further instructed, if you find and believe from the evidence, that the market value of the remainder of the defendant's tract of land has been increased, resulting from special benefits, as defined above, by virtue of the construction of State Highway S C, such increase, if any, shall be set off against the damages, if any."

Instruction numbered 3, complained of, standing alone, is clearly erroneous. State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S.W.2d 338.

In this case the court passed upon an instruction which defined peculiar benefits to mean such benefits as the land derived from the location of the road through it, which are not common to other lands in the same neighborhood. The court stated the law 15 S.W.2d on page 340 of the opinion thus:

" 'General benefits,' those accruing to the owners of property in a neighborhood or vicinity generally, are not deductible from the damages; to make such a deduction would be to require the landowner whose property is taken in part to liquidate his damages by contributing his share of the benefits which inure to the public as a whole. 'Special benefits' stand on a different footing; they are such as accrue directly and proximately to the particular land remaining by reason of the construction of the public work on the part taken. Such benefits must, of course, be reflected in an increase in the market value of the land.

" * * * 'A general benefit is an advantage not peculiar to the remainder of a tract part of which is taken, but conferred by the public work upon all property within range of it utility.' Randolph, Em.Dom. § 269, p. 250. It is also well settled that a benefit, though conferred upon several tracts of land similarly situated, may nevertheless be a special and not a general benefit."

Instruction numbered 7 properly defined special benefits and was given by the court at the request of the defendant. It will be noted that instruction numbered 3, in the last four lines thereof, states:

" * * * and unless the plaintiff has shown special benefits as defined herein then you are not authorized to find that the lands of defendant have been benefited by the widening of said road."

We hold that reading all of the instructions together, the jury was properly in-

450

structed concerning their duty in determining special benefits.

An instruction which told the jury that special and peculiar benefits to defendants' farm which are shared by other farms adjoining the highway are not special benefits, was held erroneous in State ex rel. State Highway Commission v. Duncan, 323 Mo. 339, 19 S.W.2d 465, and in State ex rel. State Highway Commission v. Young, 324 Mo. 277, 23 S.W.2d 130. So instruction numbered 3, in the case at bar, does not fully state the law as to special benefits and if it were not aided by instruction numbered 7, set out herein, given by the court, it would be reversible error.

 We find that the evidence offered by plaintiff on the issue of special and peculiar benefits, in the case at bar, establishes only benefits to defendants' land. One witness testified that defendants' land was benefited because the state cleared the right-of-way across defendants' land. He said about two acres of defendants' land was benefited by such clearing because the trees were sapping the fertility of defendants' land. Another witness based his conclusion that defendants' land was peculiarly benefited because defendants' land overflowed and the state, in the improvement, had elevated the road across said land so as to prevent such overflow. All of the evidence, as to peculiar benefits, offered, pointed to special benefits to this particular land and we think that the instruction was not erroneous under the particular facts in this case because there was no evidence that other lands, touching the improvements, made by the State, were benefited in any way. We think that the error in instruction numbered 3 was harmless.

Assignment of error numbered IV complains that error was committed in admitting evidence of defendants' witnesses describing the existing roads and routes from defendants' property to centers of population; because the testimony was irrelevant to any issue in the case and was only admissible as rebuttal evidence offered by plaintiff and admitted by the court.

We hold that this evidence constitutes harmless error, if error at all. In the evidence offered in the case, maps were introduced by plaintiff showing the location and the points of population connected by such improvement and we think it was discretionary with the trial court as to testimony offered showing the condition of other roads touching defendants' property and used by the defendant and people in the community in going to centers of population. Such testimony would not, in any way, prejudice the jury in performing their duties in arriving at a just compensation to the defendants for land taken. We think there is no merit in this contention.

Judgment affirmed.

BLAIR, J., concurs.