**UNION ELECTRIC COMPANY OF MISSOURI, a Corporation, (Plaintiff) Appellant,**

v.

**Andrew J. MILLER, Jr., and Marion F. Miller, Husband and Wife (defendants) Respondents.**

No. 30879.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1962.

Rehearing Denied March 19, 1962.

J. Patrick Wheeler, Canton, for appellant.

Richard J. De Coster, Canton, for respondents.

SAMUEL E. SEMPLE, Special Judge.

This is a condemnation proceeding. The appellant, Union Electric Company, sought to condemn a perpetual right-of-way easement one hundred feet wide across the land of respondents Andrew J. Miller, Jr., and Marion F. Miller, his wife, for the purpose of constructing and maintaining an electric transmission line. Commissioners regularly appointed, awarded respondent land owners the sum of $150 as damages for the taking of the right-of-way easement across a part of their land. Both sides filed exceptions to the Commissioners' report and upon trial in the Circuit Court a jury awarded respondents $1,500 in damages. The Circuit Court denied appellant's Motion for New Trial on condition of a remittitur of $500 which said remittitur was filed by respondents. This cause comes to this court on appeal from the final judgment of $1,000 entered by the Circuit Court.

Appellant in this case appropriated a perpetual easement one hundred feet in width and about one-fourth mile in length (3.03 acres) through the approximate center of the east forty acres of an eighty-acre tract of land owned by respondents for the purpose of constructing and maintaining a line of poles, wire, anchors, guy wires, etc., for transmitting and distributing electrial energy. Appellant was granted the right to alter, add to, and relocate at will said transmission line, the right to trim branches or trees and keep the right-of-way free from any and all obstructions, and the right of ingress and egress over said right-of-way. Appellant alleged in its petition, and the Circuit Court stated in its Order of Condemnation, that except for the area required for the erection of poles and appurtenances thereto, the balance of said easement could be used by respondents for cultivation or such other use as would not endanger or interfere with the construction and maintenance of said transmission line.

Appellant assigns as error the action of the trial court in giving Instruction Two at the request of respondents for the reason that it does not submit the proper measure of damages. The portion of Instruction Two, complained of by appellant, setting out the measure of damages, reads as follows:

"* * * First, the fair reasonable market value of the property actually taken by the plaintiff from the defendants' land, as shown by the evidence.

"And second, for such damages, if any, to the remainder of defendants' said land caused by the taking of said right-of-way by the plaintiff, over defendants' land, which you may find from the evidence, defendants have sustained thereby; and the total amount found on account of these two items, less any special benefits, if any, the amount of which has been proved, as defined in other instructions herein, as will accrue to defendants' remaining property, will be your verdict for the defendants in this case, if your verdict in this case is for the defendants."

The Circuit Court also gave, at the request of appellant, Instruction 3A which, in substance, set out the measure of damages as the difference between the fair cash market value of the land before the taking of the right-of-way and the fair cash market value of the land after the taking of the right-of-way.

■ The courts of this state have long recognized and followed the rule that where only a part of the property is condemned the owner is entitled to recover the reasonable market value of the property actually taken plus any damages resulting to the remainder of the property because of the taking of the part. State of Missouri ex rel. Chariton River Drainage District v. Montgomery, Mo., 275 S.W.2d 283; City of St. Louis v. Koch, Mo., 76 S.W.2d 398; State of Missouri ex rel. N. W. Electric Power Cooperative, Inc. v. Waggoner, Mo.App., 319 S.W.2d 930. Instruction Two follows the method of assessing damages under the aforementioned rule and similar instructions have been approved, State ex rel. State Highway Commission v. Williams, Mo. App., 263 S.W.2d 444; State of Missouri ex rel. Chariton River Drainage District v. Montgomery, supra.

Appellant concedes that this type of damage instruction has been approved (State ex rel. State Highway Commission v. Williams, supra) and is proper in cases where a right-of-way is being taken for road purposes but maintains that where a right-of-way is taken for an electric transmission line the only measure of damage is the difference in value of the whole tract over which the right-of-way passes immediately before and after the condemnation.

In cases where a part of a tract of land is condemned the courts have expressed the rule of the measure of damages in two different ways and "each expression inclusively defines as well as complements the other." State ex rel. Chariton River Drainage District v. Montgomery, supra (275 S.W.2d 1. c. 286). In State ex rel. State Highway Commission of Missouri v. Craighead, Mo. App., 65 S.W.2d 145, 148, this court said:

"Of course, in the final analysis, the measure of damages in a condemnation proceeding is the difference in the reasonable market value of the entire tract before and after the appropriation of the part taken. City Water Co. of Sedalia v. Hunter, 319 Mo. 1240, 6 S.W.

(2d) 565; Texas-Empire Pipe Line Co. v. Stewart, [331 Mo. 525,] (Mo.Sup.) 55 S.W.(2d) 283; Arkansas-Missouri Power Co. v. Killian, 225 Mo.App. 454, 40 S.W.(2d) 730; Missouri Power & Light Co. v. Creed (Mo.App.) 32 S.W. (2d) 783. However, the same result may be and usually is reached in another way, which is by informing the jury that the landowner is entitled to recover the value of the land actually taken, plus the damage, if any, to the remainder of the tract of which that taken formed a part, less the special benefits, if any, accruing in consequence of the making of the improvement. State ex rel. [State Highway Commission] v. Huddleston (Mo. App.) 52 S.W.(2d) 33; State ex rel. [State Highway Commission] v. Blobeck Inv. Co. (Mo.App.) 63 S.W.(2d) 448."

In State ex rel. State Highway Commission v. Williams, supra, the court held that it was wholly unable to find that a jury could have been confused or led into assessing double damages by giving instructions on each (both) methods of determining damages.

■ Appellant attempts to distinguish between condemning a part of a tract of land for a right-of-way for a road and a right-of-way for a power line in expressing the measure of damages. Appellant's contention appears to be on the theory that when a right-of-way for a road is appropriated the entire surface of the property is taken and diverted to another distinct use, whereas when a right-of-way for a power line is appropriated a small portion of the land surface is taken (the part on which the poles are located) and the remainder of the land surface is continued to be used by the owner of the land not inconsistent with the maintenance of the power line. There is no question but that the land in which the poles are placed is as effectively taken as would be the ground on which a road is built and the only difference demonstrated is in the amount of the land actually taken. This does not appear to be the basis for a valid

distinction. Reading all of the instructions together, no prejudicial error is found in the giving of Respondents' Instruction Two.

Appellant next contends that referring to appellant as "a large corporation" in the argument of respondents' counsel was an improper appeal intended to prejudice the jury and constituted reversible error. The following portion of respondents' argument was the basis of appellant's complaint:

"MR. DECOSTER: * * * Now, neither do I believe that you believe that you can call it 'progress' when large corporations are entitled to go out and take land and to pay only for the damage to the crops growing on the land.

"MR. WHEELER: Now, we object to that, your Honor, as an attempt to prejudice this jury against the plaintiff, referring to 'a large corporation.' We think that is wholly improper and without foundation, in the argument.

"THE COURT: Overruled."

This portion of respondents' counsel's argument was in answer to the following argument of appellant's counsel:

"MR. WHEELER: * * * When you are considering the number of miles of line that is involved in this case * * * this is not just a local proposition but it is a very lengthy line. It's a matter of progress that the Utilities always have to have and always have to make. Now, for example, if that particular little tract of land of 80 acres has been damaged a thousand dollars by the construction of this line * *."

The portion of respondents' argument to which objection was made was obviously in answer to the argument of appellant and was in the nature of retaliation and is not found to be reversible error. Hilton v. Thompson, 360 Mo. 177, 227 S.W. 2d 675, 683, 684; Griffith v. Gardner, 358 Mo. 859, 217 S.W.2d 519, 530, 531. The trial court is allowed a wide discretion in determining the propriety of arguments. Hilton v. Thompson, supra. Under the circumstances of this case the trial court did not abuse its discretion in overruling the objection of appellant and in ruling that the argument of respondents' counsel was not prejudicial to appellant.

Appellant's final contention is that the verdict was so excessive as to indicate bias and prejudice on the part of the jury and thus entitled appellant to a new trial. Respondent Andrew J. Miller, Jr., testified that the total amount of damage to his property was "at least $1,000." Respondents' witnesses Beilstein and Richards testified that the total damage to respondents' property was $1,000. Respondents' witness Lillard placed the total damage to respondents' property at $2,500 to $3,000. In the light of this evidence the verdict of $1,500 cannot be considered as so excessive as to indicate bias and prejudice on the part of the jury. The trial court, in the exercise of its discretion, ordered a remittitur of $500, which remittitur was filed by respondents. The final judgment of $1,000 in this case is amply supported by the evidence and an appellate court ordinarily will not disturb a judgment or award of damages in a condemnation case where the judgment or award is supported by substantial evidence. Empire District Electric Company v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78, 83, and cases therein cited.

The judgment of the trial court is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.