STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

John M. PARKER et al. and Raymond P. DeShon and Catherine Arline DeShon, Defendants-Appellants.

No. 24090.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1965.

Vernon N. Kneib, St. Joseph, for appellants.

Robert L. Hyder, Minor C. Livesay, Earl H. Schrader, Jr., Kansas City, for respondent.

SPERRY, Commissioner.

This is an appeal by Raymond P. and Catherine Arline DeShon from a jury verdict and judgment thereon, in their favor, in the sum of $6,000.00, for damages in condemnation of real estate for public purposes.

The first allegation of error relied on by defendants is the giving of instruction No. 5, which is as follows:

"The Court instructs the jury that in this case the burden of proving damages rests upon the Defendants. Unless damages such as those defined in other instructions have been proved by a preponderance or greater weight of

the credible evidence, none should be allowed."

Defendants cite, in support of their contention, this court's decision in State ex rel. State Highway Commission v. Cady, 372 S.W.2d 639, 640, where it was held that a taking of private property for public use constitutes a prima facie case, giving rise to a right to have the value of the same determined by a jury. The instruction there ruled was, in effect, a direction to disallow damages.

However, the language used in the instruction here considered was approved in State ex rel. State Highway Commission v. Baumhoff, 93 S.W.2d 104, 108–112 (Mo. App.). It differs, to some extent, from the instruction disapproved in the Cady case; and the facts of this case differ from those obtaining in the Baumhoff case. Here, the entire tract of land affected was taken whereas, in the Baumhoff case, only a part of a tract was taken.

■ The instruction should not be used in this kind of case. However, the jury awarded damages in the amount of $6,000.-00. This amount was well within the range of the evidence on this subject. We cannot say that defendants were prejudicially affected by the giving of the instruction. Furthermore, our Missouri Approved Instructions, covering eminent domain cases, became effective January 1st, 1965. They will preclude further use of this type of instruction.

■ It is also contended that error was committed because of the admission of hearsay evidence, over the objection of the defendants. Defendants' motion for a new trial contains no complaint based on the admission of incompetent evidence, hearsay or other. This point is, therefore, not before us for review. Civil Rule 79.03, V.A.M.R., State ex rel. v. Williams, 263 S.W.2d 444, 445 (Mo.App.).

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.

BROADDUS, J., not participating.