

# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

July 28, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
ston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Farabee, Chairman
Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas    78711

Honorable Chet Brooks, Chairman
Health and Human Resources Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Honorable John Traeger, Chairman
Committee on Intergovernmental
   Relations
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-528

Re:  Tax rate of a county after a successful election under section 26.07 of the Property Tax Code to rollback an adopted tax rate if the adopted rate includes an increase to provide for the additional cost of indigent health care services required under the Indigent Health Care and Treatment Act

Gentlemen:

The Sixty-ninth Legislature enacted in special session the Indigent Health Care and Treatment Act [hereinafter "the act"] which, *inter alia*, requires governmental entities to provide certain health care services to indigent residents.  Acts 1985, 69th Leg., 1st C.S., ch. 1, at 1.  Sections 2 and 3 of the act amended sections 26.04, 26.06, and 26.07 of the Tax Code, which set forth the requirements for the effective ad valorem tax rate calculation, for notice of the public meetings prior to the adoption of the tax rate, and for the tax rate rollback petition and election procedures, respectively, with which taxing units must comply.  Your question focuses upon the proper construction of these amendments.  Essentially, you wish to know, in an instance in which there has been a successful tax rate rollback election and in which the adopted rate includes a rate increase attributable to the additional costs incurred by providing the indigent health care services required by the act, whether the rate increase for providing those health care services is also rolled back.  We conclude that the rate increase attributable to the costs of providing the services required by the act is not reduced pursuant to the rollback provision.

Section 26.04 of the Tax Code sets forth the method by which the so-called "effective tax rate" is calculated by each taxing unit prior to the adoption of its ad valorem tax rate. The "effective tax rate" is that tax rate which, when imposed upon the property that was taxed last year but using this year's appraised values, will produce approximately the same amount of revenue which was produced last year. See Tex. Const. art. VIII, section 21; Attorney General Opinion MW-495 (1982). Section 26.05 of the Tax Code provides that, if a taxing unit adopts a tax rate that exceeds the effective tax rate by more than three percent, the taxing unit must hold a public hearing, as provided by section 26.06 of the Tax Code, on the proposed increase and publish a specified public notice of the meeting prior to its being held. Section 26.07 of the Tax Code permits qualified voters of the taxing unit by petition to require that a tax rate rollback election be held if the adopted rate exceeds the effective rate by more than eight percent. If the election is successful, the adopted rate is reduced to "a rate that exceeds the rate calculated by Section 26.04 of this code by only eight percent." Tax Code §26.07(a).

The amendments to sections 26.04, 26.06, and 26.07 of the Tax Code contained in the act effectively segregate out the amount of the tax rate increase attributable to the costs of providing in the first year the health services required by the act. Section 26.04(e) was amended by the act to include among the items of information that the taxing unit is required to publicize in connection with the calculation of its effective tax rate

> a schedule of the unit's expenses in providing services required by the Indigent Health Care and Treatment Act . . . showing that the amount of required expense which will be paid in the next year from property tax revenues, the amount of required expense paid in the preceding year from property tax revenues, and the amounts of state reimbursement, if any, received or expected for either year.

Tax Code §26.04(e)(4).

Section 26.06 was amended by the addition of subsection (f), which lists the items of information that the published notices for the ad valorem tax rate increase and for the vote on the adoption of the tax rate must contain for those taxing units that offer health services as required by the act. Each notice is required to specify explicitly the percentage of the tax rate increase which is attributable to the costs of providing the required indigent health care services. Each such notice must contain the following:

(Percentage of increase over the tax rate required
to levy amount needed for indigent health care
services) percent of the increase will be used to
pay for services required by the Texas Legislature
in the Indigent Health Care and Treatment Act.

Tax Code §26.06(f).

Finally, section 26.07 was amended by the addition of subsection
(h).  It is with this section that you are concerned.  Section 26.07,
as amended, provides the following in pertinent part:

Sec. 26.07.  Election to Repeal Increase.

(a)  If the governing body of a taxing unit
other than a school district adopts a tax rate that
exceeds the rate calculated as provided by Section
26.04 of this code by more than eight percent, the
qualified voters of the taxing unit by petition may
require that an election be held to determine
whether or not to reduce the tax rate adopted for
the current year to a rate that exceeds the rate
calculated as provided by Section 26.04 of this
code by only eight percent.

. . . .

(d) If the governing body finds that the
petition is valid (or fails to act within the time
allowed), it shall order that an election be held
in the taxing unit on a date not less than 30 or
more than 90 days after the last day on which it
could have acted to approve or disapprove the
petition.  A state law requiring local elections to
be held on a specified date does not apply to the
election unless a specified date falls within the
time permitted by this section.  At the election,
the ballots shall be prepared to permit voting for
or against the proposition:  'Reducing the tax rate
in (name of taxing unit) for the current year from
(the rate adopted) to (the rate that is only eight
percent greater than the rate calculated as
provided by Section 26.04 of this code).'

(e) If a majority of the qualified voters voting
on the question in the election favor the proposi-
tion, the tax rate for the taxing unit for the
current year is the tax rate that is eight percent
greater than the rate calculated as provided by

> Section 26.04 of this code; otherwise, the tax rate for the current year is the one adopted by the governing body.
>
> . . . .
>
> (h) Notwithstanding Subsection (a) of this section, if in the first year after the effective date of this Act the governing body of a taxing unit other than a school district increases its tax rate to provide health care services that the governing body is required to provide to its residents under the Indigent Health Care and Treatment Act (S.B. 1, Acts of the 69th Legislature, 1st Called Session, 1985) the adopted tax rate that allows voters to seek to reduce the tax rate under this section must exceed the rate calculated under Section 26.04 of this code by eight percent plus that rate which, applied to the total taxable value submitted to the governing body, would impose taxes in an amount equal to the amount which the governing body would be required to pay out of property taxes to provide services required by the Indigent Health Care and Treatment Act less the amount the governing body paid out of property taxes to provide the equivalent services in the preceding year and less any state reimbursement which the governing body paid out of property taxes to provide the equivalent services in the preceding year and less any state reimbursement which the governing body expects to receive pursuant to Subtitle D of Title 2 of the Indigent Health Care and Treatment Act. (Emphasis added).

Your question arises because the act did not expressly amend subsections 26.07(a) and 26.07(e) of the code. You express concern that, were the election to rollback the tax rate increase, the tax for indigent health care would be rolled back as well. Such an interpretation would require an isolated and mechanical reading of subsections 26.07(a) and 26.07(e) and would ignore subsection 26.07(h).

We must look to the intent of the legislature and construe the statute to give effect to that intent. Knight v. International Harvester Credit Corp., 627 S.W.2d 382 (Tex. 1982); State v. Terrell, 588 S.W.2d 784 (Tex. 1979). If a statute is susceptible to two constructions, one which will carry out and the other defeat the legislative intent, the statute should receive the former construction. Citizens Bank of Bryan v. First State Bank, Hearne, 580 S.W.2d 334 (Tex. 1979). A statute should be construed as a whole; one

provision should not be given a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such construction if standing alone. Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas, 573 S.W.2d 502 (Tex. 1978); Barr v. Bernhard, 562 S.W.2d 844 (Tex. 1978). Moreover, a statute should not be construed so as to lead to a foolish or an absurd result. McKinney v. Blankenship, 282 S.W.2d 691 (Tex. 1955); State ex rel. Childress v. School Trustees of Shelby County, 239 S.W.2d 777 (Tex. 1951).

In a brief submitted with your request for an opinion, you point out that the legislative history of the bill supports your construction of the amendments. The bill analysis of the committee substitute to House Bill No. 1843, which was the version of the act introduced in the House during the regular session of the Sixty-ninth Legislature, declares an intent to exclude entirely from the operation of the rollback provisions any tax rate increase attributable to additional costs incurred for providing the services required by the act:

> County and hospital district spending to meet state mandated minimum standards is exempt from tax rollback election requirements. (Emphasis added).

See House Committee on Public Health, Bill Analysis, House Bill Committee Substitute, 69th Leg., 1st C.S. (1985). The evident intent of the amendments was also indicated in the fiscal notes that were prepared for House Bill No. 1843, stating that the effect of the act on units of local government would include the following:

> Some counties would be required to increase their expenditures for indigent health care. The bill provides for an exemption to the tax rollback provision for taxing units to the extent that the tax rate increase is necessary to provide the health care. (Emphasis added).

Fiscal Note, H.B. No. 1843, 69th Leg., 1st C.S. (1985). The Fiscal Note for the proposed committee substitute for House Bill No. 1843 and for House Bill No. 1843, as engrossed, both contain the same language.

It is clear from a reading of the act that the provisions amending the Tax Code, taken together, were meant to isolate that portion of the tax rate increase attributable to providing the services required by the act. It would make little sense for the legislature to require certain taxing units to offer specified health care services to indigents, to set forth tax rate calculation and notice procedures segregating from a tax rate increase that portion of the rate increase attributable to the costs of providing such services, and to make that percentage rate increase necessary to

trigger the rollback provisions in the first place eight percent over the effective rate plus the portion of the rate increase attributable to the costs of providing the services, and then to intend that the "rolled-back" rate be set at eight percent over the effective rate. The legislature did not intend a construction that would impair the ability of taxing units to provide the services required by the act.

Accordingly, we construe the phrase of subsection (h) "[n]otwithstanding [s]ubsection (a) of this section . . ." to effect an exception to subsection (a): In an instance in which there has been a successful tax rate rollback election in the first year that a taxing unit has incurred additional costs for providing services as required by the act, the rate is set at eight percent over the effective rate plus the additional percentage increase attributable to the costs of providing the services required by the act.

### S U M M A R Y

In an instance in which a taxing unit provides services as required by the Indigent Health Care and Treatment Act and in which there has been a successful tax rate rollback election in the first year in which those services are provided, subsection 26.07(a), when construed with subsection 26.07(h), sets the "rolled-back" rate at eight percent over the effective rate plus the additional percentage increase attributable to the costs of providing the services required by the act.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General