STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Appellant,

v.

Francis W. SHEETS et al., On Exceptions of Harold L. Turnbull, et al., Defendants-Respondents.

No. 34292.

Missouri Court of Appeals, St. Louis District. Division One.

July 25, 1972.

Robert L. Hyder, State Highway Commission of Missouri, Thomas E. Cheatham, Jefferson City, for plaintiff-appellant.

Carter & Newmark, Joe Bill Carter, Clayton, for defendants-respondents.

BRADY, Chief Judge.

Plaintiff initiated this action to condemn .72 acres of land belonging to defendant

Harold Turnbull, for highway construction. Plaintiff filed exceptions to commissioner's award of $22,050.00. The ensuing jury trial resulted in a verdict for defendant of $12,000.00. Defendant was granted a new trial and plaintiff appeals.

Defendant's property consisted of approximately 1.4 acres and contained a building leased to defendant Trojan Hatchery Company. Defendant Turnbull valued the damage resulting from the taking on August 10, 1970 at $40,000.00. Plaintiff's witnesses assessed the damage at $3,750.00 and $2,600.00.

The trial court granted defendants' motion for a new trial " * * * on the ground set forth in paragraph one thereof." The grounds set forth in that paragraph are that the trial court prejudicially erred in denying defendants' motion for a mistrial after plaintiff introduced into evidence an amount discussed between plaintiff and defendants during conversations involving negotiations for settlement. During plaintiff's cross examination of defendant Turnbull, plaintiff asked: "Q Mr. Turnbull, you say today in your opinion the damage is $40,000.00? That is your testimony today? A It sure is. Q Didn't you previously say the damage was $5,000.-00? A No, sir, MR. CARTER: Your Honor, I will object to anything about his previously saying. I have never heard such an improper situation in my life. THE COURT: Overruled. Q You didn't previously make any statement that in your opinion after considering the things that you have mentioned about what was going to be taken that in your opinion the damages was $5,000.00? A No, sir. OUT OF THE HEARING OF THE JURY MR. CARTER: I will ask for a mistrial. I will ask we have a recess at this point to take it up in chambers."

During the ensuing conference in chambers, Mr. Carter made an offer of proof that the figure of $5,000.00 was mentioned during negotiations with a Mr. Sloan of the State Highway Commission. Mr. Sloan had offered $3,000.00 and when that was refused had asked: "Will you take $5,-000.00?" At the conclusion of the conference the court stated that if the evidence was that the $5,000.00 figure was given as a statement during negotiations then the court would hear any objection or request made at that time.

Subsequently and out of the hearing of the jury Mr. Sloan testified that during the negotiations to settle the acquisition of this property defendant stated he thought his damages were $5,000.00.

Mr. Carter then made a motion to strike which was sustained. He further asked to have the jury dismissed which the court denied. The court then offered to instruct the jury to disregard but Mr. Carter did not request this action stating that he thought the instruction had already been given. Thus no further instructions were made. The transcript does not contain any instruction that the jury disregard the evidence. Thereafter trial resumed in open court with plaintiff's next witness.

Plaintiff argues that granting the new trial on the grounds stated was error because the reference was to a prior inconsistent statement and admissible for impeachment purposes. In support of this argument plaintiff cites City of St. Louis v. Worthington, 331 Mo. 182, 52 S.W.2d 1003, wherein it was stated that evidence admissible for any purpose cannot be excluded simply because it is inadmissible for other purposes. Plaintiff then cites cases where prior statements of value inconsistent with testimony at trial have been held admissible for impeachment.

None of the cases cited by plaintiff deal with statements of value made to an agent of the condemning authority in contemplation of a forced sale. The cases dealing with such situations have uniformly held that offers by landowners made to such agents in contemplation of the exercise of their eminent domain power are not for purposes of a voluntary sale and are not admissible as admissions. The reason

normally stated is that the offer is more likely to be the result of compromise to avoid controversy and litigation costs and is not a fair test of market value. Shoemake v. Murphy, Mo., 445 S.W.2d 332, 1. c. [2]335, and cases there cited. Public policy favors the settlement of disputed claims out of court and offers of settlement are treated as offers to obtain peace rather than an admission of value to be held against the offerer. Aiple v. South Side Nat. Bank in St. Louis, Mo.App., 442 S. W.2d 145, l. c. [10]152. The evidence conclusively shows that the alleged statement was made during negotiations for settlement. As such it was clearly inadmissible.

■ Plaintiff next argues that granting a new trial was error because there was no prejudice since defendant answered the question with, as plaintiff puts it in its brief, a "* * * resounding 'No', not once, but twice." Defendant argues that based upon Kelsey v. Kelsey, Mo.App., 329 S.W.2d 272 even general comments relating to negotiations require a mistrial. Kelsey does not rule this case for there the error was the failure of the court to specifically rule on an objection to final argument and failure to instruct the jury to disregard even though requested to do so. That is not the situation here.

The law regarding mistrials and new trials was clearly stated in our recent decision in State ex rel. State Highway Commission of Missouri v. Gravois Farmers Club, Mo.App., 483 S.W.2d 786[1]. As we stated there: "Both the declaration of a mistrial and the granting of a new trial are matters left largely to the discretion of the trial court. The trial court observes the incident giving rise to the request for a mistrial and is in a far better position to evaluate the prejudicial effect created by it. An appellate court's function is only to determine if the trial court abused its discretion as a matter of law."

■ In the instant appeal while the verdict was above the estimate of plaintiff's witnesses, it was substantially below the damages sought by defendants and even below the award of the commissioners. This fact, when considered in the light of a repeated improper question, leads us to the conclusion this is a case where particular deference should be paid to the trial court which was present and could both see and hear the effect of counsel's improper questioning. To hold the trial court guilty of an abuse of discretion under such circumstances would be to grant the printed page this court reviews a credibility over the spoken word and the actual observance of the trial totally out of keeping with human experience.

■ Finding no error by the trial court, we next consider defendants' motion for damages due to plaintiff's bringing a "frivolous appeal" within the meaning of Rule 84.19, V.A.M.R. Due to the recent adoption of this rule, the motion presents a matter of first impression for the courts of Missouri. A frivolous appeal is generally defined as "one presenting no justiciable question and so readily recognizable as devoid of merit on face of record that there is little prospect that it can ever succeed." Black's Law Dictionary, Fourth Edition, p. 796. Were we to consider only the first assignment of error we would be inclined to agree. The law with regard to offers during negotiations is patent. Plaintiff has not urged a change and has seemingly ignored this facet of the law. However, plaintiff's second assignment regarding the prejudicial nature of the incident strikes at the very core of the motion for a new trial. The record does not so clearly support the prejudicial nature of the incident as to render a decision upon that point so obvious as to enable us to call it frivolous to contend otherwise. While we do not find error in the trial court's action we cannot say plaintiff's request for review

1. These cases are strikingly similar in that each involved the State Highway Commission in condemnation proceedings resulting in new trials because of improper statements of value by State Highway Commission attorneys.

was totally devoid of merit on the face of record. Defendant's motion is denied.

For the foregoing reasons the decision of the trial court granting a new trial is affirmed.

WEIER and CLEMENS, JJ., concur.