Leo W. **BRANSON**, Respondent,

v.

Keith M. **JORDAN**, Appellant.

No. 39556.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 15, 1978.

Motion for Rehearing and/or Transfer
Denied Sept. 15, 1978.

Application to Transfer Denied
Nov. 6, 1978.

John H. Marshall, Robert H. Burns, Clayton, for appellant.

Cox, Moffitt & Cox, Dallas W. Cox, Jr., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant Keith M. Jordan appeals from a $9,000 judgment in favor of plaintiff Leo Branson. Defendant claims error in a question asked him on cross examination and also in taxing the cost of a supplemental transcript. We affirm the judgment and

deem the appeal frivolous, remanding the case with instructions to add a penalty. (Rule 84.19).

Defendant does not challenge the sufficiency of plaintiff's evidence, plaintiff's submission on the grounds of excessive speed and violating a traffic signal, nor the amount of damages. A brief summary will suffice.

Late at night, in cold inclement weather, plaintiff was driving his pickup truck south on the Earth City Expressway toward its controlled intersection with River Glen, on which defendant was driving west. Facing plaintiff was a flashing amber light and facing defendant was a flashing red light. The vehicles collided at the intersection. Plaintiff estimated defendant's speed at 65 miles per hour; defendant put it at 45 miles per hour. Without appreciably slowing (which defendant attributed to patches of ice), he ran past the red flashing light into collision with plaintiff's pickup. In the magistrate court defendant pled guilty to "careless and imprudent driving; reason, speed too fast for conditions."

■ Defendant's first point relied on: "The Court erred in overruling appellant's motion for mistrial after respondent's attorney accused appellant on cross-examination, 'Now, Mr. Jordan, you have also pleaded guilty or been convicted of some other . . .' Since the convictions which respondent's attorney referred to were municipal ordinance violations for speeding and violations of stop signs which were inadmissible and said question in its form was prejudicial to appellant." Defense counsel interrupted the question and at the bench announced he had no knowledge of defendant having been convicted of a "state misdemeanor." Plaintiff's counsel responded by proffering to show defendant had twice been convicted of "state misdemeanor convictions for speeding." The trial court *sustained* the defense objection to the quoted question [1] but denied defendant's motion for a mis-

1. The question, had plaintiff been allowed to complete it, was admissible to impeach defendant by showing misdemeanor convictions. Section 491.050, RSMo. 1969; *Fisher v. Gunn*, 270 S.W.2d 869 [9] (Mo.1954); *Forbis v. Associated Wholesale Grocers, Inc.*, 513 S.W.2d 760 ■ (Mo.App.1974).

trial, which ruling defendant now challenges.

Defendant's first point is without merit. He got more than he was entitled to when the court, in light of defendant's proffer, sustained his objection to the question. That favorable ruling could not possibly be ground for granting defendant a mistrial.

■ By defendant's second point he objects to being taxed $54.60 for costs of the supplemental transcript, composed of the opening statements and closing arguments which defendant omitted from the original transcript. Defendant contends these items do not concern points raised on appeal. True, but the omissions did deal with evidence of defendant's drinking alcoholic beverages on the night of the collision; in four paragraphs of his motion for a new trial defendant challenged the trial court's evidentiary rulings on the subject of defendant's drinking. On this appeal defendant abandoned these points on drinking, but when the transcript was prepared evidence of defendant's drinking, challenged by him in his motion for new trial, was a live issue. Beyond doubt plaintiff was entitled to a transcript responsive to defendant's motion for a new trial. Defendant breached his duty to plaintiff by his transcript omission and the court properly taxed defendant for the cost of the improperly omitted parts.

■ In sum, we conclude defendant's appeal was frivolous. By his first point defendant challenges the trial court's denial of a mistrial for a ruling that was in defendant's favor. By his second point defendant challenges the trial court's order that he pay for part of the transcript clearly relevant to defendant's motion for a new trial. Rule 84.19 declares: "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." A frivolous appeal is "one presenting no justiciable question and so readily recognizable as devoid of merit on face of record that there is little prospect that it can ever succeed." *State ex rel. State Highway Commission v. Sheets,* 483 S.W.2d 783 [4, 5] (Mo.App.1972). To avoid the penalty "the

questions raised on appeal must be at least fairly debatable." *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50 [9–11] (Mo.App.1975). Here defendant's appeal fails to meet that test.

 We hold defendant's appeal was an abuse of judicial process. It was frivolous and cast an unwarranted burden on plaintiff and his counsel. We consider that a proper penalty for this is $1,000. The cause is remanded to the trial court with instructions to amend its judgment by increasing the amount of plaintiff's judgment by the sum of $1,000.

SMITH and McMILLIAN, JJ., concur.