UNITED STATES FIRE INSURANCE CO., Respondent,

v.

MADESCO INVESTMENT CORPORATION, Defendant.

No. 39434.

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 31, 1978.

Portman & Portman, Paul F. Black, Greg S. Kessler, St. Louis, for defendant.

Daniel J. McMichael, Fitzsimmons & Fitzsimmons, Inc., Clayton, for respondent.

CLEMENS, Judge.

This bailment case arose from the theft of an insured automobile while in the custody of defendant-bailee, operator of a parking lot. Plaintiff-insurer paid the owner for his loss and sued as his subrogee, alleging defendant had negligently permitted the theft. A jury so found and defendant has appealed from the ensuing $9,000 judgment.

Plaintiff's insured parked his car in defendant's lot at Fourth and Delmar in downtown St. Louis. The lot became crowded and to permit exit of another car, defendant's employee moved the insured car to the street, placed the ignition key over the sun visor and left the door unlocked. Within fifteen minutes the car had been stolen.

The only issue raised here concerns the trial court's restriction of defendant's cross examination of a plaintiff-witness.

Plaintiff presented a police officer who testified about the contents of the police report concerning the theft. On cross examination defense counsel put two questions to the officer:

"Q. And could you explain to the jury what you know about auto thefts in regard to the accessibility of an automobile, as far as someone who wants to steal an automobile? Is it very difficult if you want to steal an automobile, to steal an automobile?

"Q. From your experience in the police department can you tell us the time it would ordinarily take for someone to steal an automobile?"

The trial court sustained plaintiff's objections to both questions. Defendant's brief fails to show the relevance of the two questions, but of more critical importance is defendant's failure at trial to make an offer of proof; that is fatal to his only point relied on.

In *Thayer v. Sommer*, 356 S.W.2d 72[11–12] (Mo.1962) the court held: "An objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing of what the testimony would have been and that it was relevant and material. * * * The mere refusal to allow a witness to testify is not reversible error in the absence of a showing of what the answer would have been." To the same effect, see *Hays v. Western Auto Supply Company*, 405 S.W.2d 877[1, 2] (Mo.1966).

Defendant acknowledges this principle but relies on the narrow exception announced in *Miller v. Kamo Electric Cooperative, Inc.*, 351 S.W.2d 38[4] (Mo.App.1961). That case held no offer of proof was necessary after the trial court has ruled broadly that evidence of a particular class of offered evidence was inadmissible. No such broad ruling was made here. The exception does not negate defendant's duty to show the trial court what the witness' answers would have been and how that would be relevant and material. By defense counsel's silence he has failed to lay the necessary basis for error.

We now consider plaintiff's motion for an award of damages for frivolous appeal under Rule 84.19, declaring: "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." A frivolous appeal is "one presenting no justiciable question and so readily recognizable as devoid of merit on face of record that there is little prospect that it can ever succeed." *State ex rel. State Highway Commission v. Sheets*, 483 S.W.2d 783[4, 5] (Mo.App.1972). Since in the trial court defendant failed to lay any foundation for the only point raised on appeal, there was never any prospect defendant would prevail; it was patently frivolous.

In considering the appropriate amount of damages to be assessed against plaintiff for frivolous appeal, we consider the dilatory tactics in prosecuting the appeal. In this case defendant sought by a third-party petition to shift liability to its own insurer and the insurer's agent. Thereby defendant contended its insurer was obliged to cover the loss, or alternatively that the insurer's agent had negligently failed to provide a policy affording theft coverage. Defendant was denied leave to file that third-party petition. In this court, defendant moved to extend time for filing its transcript on appeal, admitting it had not ordered the transcript because defendant was hoping "collateral proceedings" would resolve the issues of this appeal. We conclude that not only is defendant's appeal patently devoid of merit but that defendant has purposefully delayed its submission. As such, defendant's appeal was an abuse of judicial process; it cast an unwarranted burden on plaintiff, its counsel and this court. Compare *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50[9–12] (Mo.App.1975), and *Whitman v. Livingston*, 541 S.W.2d 61[4] (Mo.App.1976).

We consider an appropriate award of damages to plaintiff is the sum of $1,000, and order the cause remanded with instructions to increase plaintiff's judgment in that amount.

Affirmed and remanded.

REINHARD, P. J., and GUNN, J., concur.