**Carla Watson STEARNS, Appellant,**

v.

**BE–MAC TRANSPORT COMPANY, INC., Respondent.**

**No. 41446.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 8, 1981.

James S. Collins, II, St. Louis, for appellant.

Larry D. Valentine, Riethmann & Soebbing, St. Louis, for respondent.

SIMON, Judge.

This is an appeal by plaintiff, Carla Watson Stearns (Stearns), from a jury verdict for defendant, Be-Mac Transport Company, Inc., (Be-Mac) in a case arising out of a traffic accident. We affirm.

On December 12, 1973, Stearns was driving her automobile west on Interstate 70. Somewhere between the Cypress Road and Lindbergh Boulevard exits, a tractor-trailer truck drive by Be-Mac's driver and agent, Lester Gamblin, twice collided with Stearns' silver Honda from the rear. The collisions caused Stearns' car to spin and roll over. The car came to a stop, upside down, in the grassy median of the highway. Stearns and her two passengers were injured in the accident. Stearns brought this suit against Be-Mac in the Circuit Court of the City of St. Louis, alleging that Gamblin had negligently operated the tractor-trailer truck.

Stearns testified that she had been driving in the right lane of Interstate 70 when she was overtaken and rear-ended by Be-Mac's truck. Stearns alleged that she was within the speed limit, had been in the far right lane for a considerable time and had not been changing between the right and left westbound lanes. Stearns also stated that she did not recall passing a tractor trailer before the accident, had not seen one ahead of her before the accident and did not see a tractor trailer in her rear view mirror before the accident. Stearns testified that when her car was first struck she was in the right westbound lane and did not know what had hit her car.

Debra Schell (Schell) testified that she and her four month old son had been passengers of Stearns at the time of the accident. At trial she could not remember their passing Be-Mac's truck. She stated that for a considerable time prior to the accident they had been traveling in the right, westbound lane of Interstate 70. Sometime after passing the Cypress Road exit she felt an impact on the rear of the

car. After the impact, Stearns lost control of the car and it began to spin. While the car was spinning, Schell saw an orange and white truck which she identified at trial as Be-Mac's truck. The truck again struck the car, causing it to roll off the road.

Be-Mac's driver, Lester Gamblin, testified that he too had been driving in the right, westbound lane of Interstate 70 for a considerable time prior to the accident. Gamblin testified that he was within the speed limit and was keeping a careful lookout by "looking straight ahead like you are supposed to when you are driving with an occasional glance through both mirrors, a little to the left and a little to the right." Gamblin also stated that he did not see plaintiff's car in the right hand lane in front of him until the time of impact. Be-Mac denied negligence and asserted the affirmative defense of contributory negligence on the part of Stearns. The jury found for Be-Mac and this appeal followed.

Much of Stearns' argument on appeal centers around the validity of the testimony of defendant's witness, Dewey Millay. Because of its importance in answering other issues on appeal, we shall address this issue first. On direct examination Millay stated he was driving 150 to 200 feet behind defendant's tractor trailer on Interstate 70. He saw Stearns' car in the right westbound lane, then he saw it pass him, switch into the left lane and pass the tractor trailer, then turn slightly to the right, and go into a roll and land in the median. Millay testified that the tractor trailer was in the right hand lane and had been since he had it in sight.

On cross examination Millay stated that the first time he saw Stearns' car was at the beginning of the accident and that he did not see the vehicles actually come into contact because he could not see the front bumper of the truck at the time of the collision. Millay claimed that at the time of the accident plaintiff's car was 90 to 95% in his view.

Stearns' attorney attempted to impeach Millay's credibility by drawing his attention to a letter he wrote at Gamblin's request three days after the accident. In the letter Millay stated that at the time of the accident the position of Stearns' car was not clear in his mind. Stearns' attorney also produced a transcript of a sworn, tape-recorded statement made by Millay in which he stated that Stearns' car was hidden by the tractor trailer and that Millay was unaware of whether the car had passed him prior to the accident.

Following Millay's testimony, Stearns moved that the court strike all direct testimony of Millay as being speculative and not probative. The motion was denied. Stearns contends that Millay's testimony was shown to be mere guess and speculation and therefore should have been stricken as being of no probative value. We do not agree.

A witness' testimony apparently possessed with probative value on direct examination may be shown upon cross-examination to be mere guess, speculation, impression or conjecture and of no probative value. *Gilpin v. Pitman*, 577 S.W.2d 72, 77 (Mo.App.1978). In *Cragin v. Lobbey*, 537 S.W.2d 193 (Mo.App.1976) the court explained when testimony should be excluded on the basis of being based on guess or speculation:

> "[I]f a witness cedes his prior testimony on a given issue was, in fact, predicated on a mere guess, i. e., upon speculation with no factual basis, or if he admits to facts, conditions or circumstances which make it evident his testimony was a mere guess on his part, then his testimony does not constitute substantial evidence and has no probative value."

*Id.* at 199.

Millay's testimony does have probative value. Although Millay stated he did not see the exact moment of impact he did observe the circumstances before and after the collision. His observations could have been helpful to the jury. Stearns sought to impeach Millay's testimony on cross-examination by showing his prior inconsistent statements, but did not establish that Millay's testimony was a mere guess or

speculation. Stearns' efforts merely went to the credibility of the testimony, but did not strip it of its probative value. The jurors, as fact finders, are the sole judges of the credibility and weight to be given to a witness' testimony. We also bear in mind that a juror may believe all, none or part of the testimony of a witness. *Hartley v. Matejka*, 585 S.W.2d 240, 242 (Mo.App.1979); *Robinson v. St. John's Medical Center, Joplin*, 508 S.W.2d 7, 11 (Mo.App.1974). On this basis we find that the trial judge did not err in refusing to strike Millay's testimony.

Next Stearns contends that the trial court erred (1) in giving an instruction on burden of proof that included a reference to the defendant's burden of proving contributory negligence and (2) in giving an instruction on contributory negligence, because there was no competent and substantial evidence to support the submission of these instructions. We disagree.

In determining whether there was competent and substantial evidence to support the submission of the instructions, we must consider the evidence in the light most favorable to Be-Mac and give it the benefit of all favorable inferences reasonably to be drawn from all of the evidence. Stearns' evidence is to be disregarded unless it tends to support the grounds of contributory negligence submitted in the instructions. *Welch v. Hyatt*, 578 S.W.2d 905, 912 (Mo. banc 1979). Furthermore, "[t]he evidence to support such a submission need not be by direct and positive testimony but may be shown by proof which fairly suggests that the contributory negligence produced the injury." *Id.* at 912.

Viewed in this light, the jury could reasonably have found that Stearns was contributorily negligent for either or both of the reasons stated in the instructions: (1) plaintiff failed to keep a careful lookout; (2) plaintiff suddenly turned to the right when it was not reasonably safe to do so. We have already discussed Dewey Millay's testimony that Stearns had made lane changes and had turned in front of Be-Mac's truck. Stearns testified she intended to exit at Lindbergh. Gamblin testified that just prior to the first collision with Stearns he had been looking straight ahead and did not see Stearns and that the accident occurred 100 to 150 yards from the Lindbergh exit. The photographs show the point of impact on the Honda to be the right rear, to the left of the right taillight and above the bumper. From all of the evidence the jury could have concluded that Stearns came up on the truck's left and suddenly turned in front of the truck. Thus there was competent and substantial evidence to warrant the trial court's submission of jury instructions on contributory negligence.

Stearns' next point is that the trial court erred in overruling her motion for a directed verdict on the issue of liability only at the close of all the evidence. She argues that there was no competent and substantial proof of any contributory negligence on her part and that Be-Mac's negligence was clearly supported by the evidence.

A directed verdict is a drastic measure and should be granted only when the evidence and inferences arising therefrom are so strong that reasonable persons could not differ as to the correct disposition of the case. *Woosley v. State Automobile Mutual Insurance Co.*, 600 S.W.2d 210, 213 (Mo.App.1980); *State ex rel. State Highway Commission v. Public Water Supply District of Jefferson County*, 559 S.W.2d 538, 539 (Mo.App.1977).

We have already determined that there was competent and substantial evidence on the record from which a jury could have found Stearns contributorily negligent. This alone was enough to defeat Stearns' motion for a directed verdict. In addition, there was conflicting testimony by Millay and Stearns on the question of whether Stearns had been changing lanes. This factual determination was important to the resolution of the negligence issue and was properly left to the jury.

Stearns next contends that the trial court erred in failing to give plaintiff's jury instruction number A (MAI 31.07). This

instruction would have told the jury that Be-Mac was liable to Stearns as a matter of law. Stearns relies on *Hughes v. St. Louis Public Service Co.*, 251 S.W.2d 360 (Mo.App. 1952). There our court described the rear-end collision doctrine as:

> "the doctrine or rule of law which recognizes that if one person has his vehicle in a portion of the highway where he should have it or is entitled to have it in view of the course in which he is proceeding, and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other person in charge of the overtaking vehicle."

*Id.* at 362. This doctrine is inapplicable in the instant case because there was evidence that Stearns turned in front of Be-Mac's truck when it was not safe to do so. In so doing, Stearns' car entered a portion of the highway where it should not have been.

Stearns' next two points address the issue of whether there was competent and substantial evidence of contributory negligence. We have answered these points in the affirmative. We need not restate our position.

Stearns' last point is that the trial court erred in overruling her attorney's objection to a question to Dewey Millay asking whether he had been subpoenaed to appear in court. This point was not raised in Stearns' motion for new trial and therefore is not preserved for appeal. Rule 78.07 (1981). Even assuming that Stearns had preserved this point on appeal it would be without merit. Stearns relies on *Hill v. Boles*, 583 S.W.2d 141 (Mo.1979) and *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291 (Mo.1978). Neither of these cases is applicable to this case. Both cases concern the circumstances under which one party may comment to a jury on the failure of the other party to produce a witness. In the instant case the issue does not concern a comment to the jury on the failure to produce a witness, but the form of a question directed to the witness, Millay, on redirect examination. We can find no evidence that the question prejudiced Stearns' rights.

For the foregoing reasons the judgment of the trial court is affirmed.

SMITH, P. J., and SATZ, J., concur.