Vincent BOWMAN, Plaintiff-Respondent,

v.

BURLINGTON NORTHERN, INC., Defendant-Appellant.

No. 44116.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied Feb. 23, 1983.

Lucas & Murphy, St. Louis, for defendant-appellant.

Don B. Sommers, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

Plaintiff, Vincent Bowman, brought an action against defendant, Burlington Northern, Inc., to recover damages for injuries received while Bowman was working as a conductor for the defendant. Bowman brought suit against Burlington Northern pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1976), charging the railroad company with negligence in failing to provide Bowman with a reasonably safe place to work. Bowman's petition alleged that Bowman stepped into a hole while performing his duties alongside Burlington Northern's tracks and suffered significant back and related injuries. The petition alleged that as a consequence of this accident he incurred medical expenses including pain and suffering and will lose future earnings due to his resulting disability. Bowman sought damages in the amount of $650,000.

The cause was tried in December, 1980. Upon conclusion of the trial, the jury returned a verdict in favor of Bowman and against the railroad in the amount of $275,000. After unavailing motions for judgment notwithstanding the verdict and new trial, Burlington Northern timely appealed to this court. We affirm.

Burlington Northern briefs four points on appeal. Its first three points contend that the trial court erred in refusing to grant Burlington Northern's motion for a mistrial on the grounds of prejudicial statements made to the jury by plaintiff's counsel during his opening statement, and because of the accompanying prejudicial evidence admitted at trial. The allegedly prejudicial statements and evidence concerned a $444,000 loss of future wages, an unpleaded prior knee injury suffered by Bowman while working for Burlington Northern, and unpleaded "slips" (falldowns) by Bowman during the course of his employment after the accident of July 16, 1976. Burlington Northern's fourth point on appeal is that the trial court abused its discretion in failing to order a new trial because the verdict was speculative since it included an award for Bowman's loss of future earnings.

In our review, we take the trial record as it stands and address only those issues properly preserved for review. *Hensic v. Afshari Enterprises, Inc.,* 599 S.W.2d 522, 524 (Mo.App.1980). For reasons discussed within, we find that none of Burlington Northern's assertions of error were preserved for our review.

■ Two Supreme Court Rules provide for and limit our authority to review allegations of trial court error. Civil Rule 78.07, V.A.M.R., requires that allegations of error (with certain exceptions not applicable herein) must be presented to the trial court in a motion for a new trial. General allegations in the motion for new trial are adequate if based upon specific objections or requests made during the trial. Otherwise, specific allegations must be made in the motion. In *either* case, however, the allegations must be *sufficiently definite to direct the trial court's attention to the particular acts or rulings asserted to be erroneous.* *Hartley v. Matejka,* 585 S.W.2d 240 (Mo.App.1979); *State ex rel. State Highway Commission v. Heim,* 483 S.W.2d 410 (Mo.App.1972); *Pasley v. Newton,* 455 S.W.2d 43 (Mo.App.1970). Civil Rule 84.13, V.A.M.R., declares simply that no allegations of error shall be considered on appeal except such as have been presented to or expressly decided by the trial court.

■ The rationale underlying Rules 78.07 and 84.13 has long been accepted in Missouri and was well stated in *Fruit Supply Co. v. Chicago B. & Q. R. Co.,* 119 S.W.2d 1010 (Mo.App.1938), as follows:

Assignments of errors in a motion for a new trial to warrant a review thereof on appeal may in some instances be general and not specific, *but they must always be direct and not left to be inferred from what is directly assigned.* The office of a motion for a new trial is to gather together the rulings complained of as erroneous, and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required.

Less does not preserve the rulings for review. (emphasis added)

See also *Norfolk & W. Ry. v. Riss Intern. Co.,* 560 S.W.2d 332 (Mo.App.1977); *Pasley v. Newton, supra; Schneider v. Southwestern Bell Telephone Co.,* 413 S.W.2d 16 (Mo.App.1967); *State v. Northup,* 367 S.W.2d 512 (Mo.1963). This principle is fundamental to our law of trial and appellate procedure and the Rules declare it is mandatory in character. Civil Rules 78.07 and 84.13. A party, thus, is precluded from urging on civil appeal any allegation of error not properly presented to the trial court in a motion for new trial, and any deficiencies in the motion may not be supplied by appellant's brief. *Crystal Tire Co. v. Home Service Oil Co.,* 525 S.W.2d 317 (Mo.1975); *Hawkins v. Burlington Northern Inc.,* 514 S.W.2d 593 (Mo.1974); *Rowden v. Amick,* 434 S.W.2d 550 (Mo.1968), *transferred to* 446 S.W.2d 849 (Mo.App.1969).

The grounds of alleged error set out in Burlington Northern's motion for new trial are as follows:

1. That the evidence is wholly insufficient to authorize a verdict and judgment for the plaintiff against the defendant on plaintiff's cause of action.

2. That the verdict and judgment herein on plaintiff's cause of action is not supported by the evidence and is contrary to the law under the evidence.

3. That the verdict of the jury on plaintiff's cause of action is based on speculation and conjecture.

4. That the verdict of the jury for plaintiff is against the weight of the evidence.

5. That the verdict of the jury for plaintiff is excessive.

6. That the verdict of the jury for plaintiff is so excessive as to indicate that it resulted from bias, passion and prejudice on the part of the jury against the defendant.

7. That the Court erred in admitting, over the defendant's objections, incompetent, irrelevant, and immaterial evidence which was prejudicial to the defendant

and which was offered by the plaintiff, and failing to strike out said evidence upon defendant's motion.

8. That the Court erred in excluding, over the defendant's objections, competent, relevant, and material evidence which was offered by the defendant and said exclusion was prejudicial, and in striking out said evidence upon plaintiff's motion.

9. That the verdict was the result of improper and prejudicial statements made to the jury by plaintiff's counsel during plaintiff's opening statement to which statements defendant's counsel duly objected at the time.

10. That the verdict was the result of improper and prejudicial arguments made to the jury by plaintiff's counsel, to which arguments defendant's counsel duly objected at the time.

Burlington Northern admits that its motion for new trial lacks any *specific* allegation of trial court error. Burlington Northern contends, however, that the motion contains *general* allegations of error sufficient to satisfy the Rules since specific objections were made at trial. We disagree.

■ Burlington Northern's motion fails to meet even the threshold requirement of Rule 78.07 which is to direct the trial court's attention to the *particular* acts or rulings asserted to be erroneous. Without an impermissible inference or aid extrinsic to the motion, there is no way to ascertain what particular evidence was improperly admitted or excluded and what prejudicial arguments were allegedly made by Bowman's counsel during opening argument. *Fruit Supply Co. v. Chicago B. & Q. R. Co., supra; State ex rel. Highway Commission v. Heim, supra.* The trial court here has been deprived of its "last chance to correct its own errors" in violation of the letter and the

spirit of Rule 78.07. The averments of error in Burlington Northern's motion for new trial preserved nothing for review. *Norfolk & W. Ry. v. Riss Intern. Corp., supra; State ex rel. Highway Commission v. Heim, supra; Pasley v. Newton, supra.*[1] *Hartley v. Matejka,* 585 S.W.2d 240 (Mo. App.1979), relied upon by Burlington Northern, does not support its argument on appeal. *Hartley* does hold, as Burlington Northern contends, that general allegations in a motion for new trial are sufficient if based upon specific objections or requests made during the trial. However, *Hartley* states that even general allegations of error in the motion must be sufficiently definite to direct the trial court's attention to the *particular* acts or rulings asserted to be erroneous. As stated earlier, Burlington Northern's motion fails this threshold requirement. *Hartley,* therefore, offers no refuge for Burlington Northern's argument.

■ A second manner in which Burlington Northern failed to properly preserve error for appellate review under Rule 78.07 is that the points on appeal here were not raised in Burlington Northern's motion for new trial. *Vaeth v. Gegg,* 486 S.W.2d 625 (Mo.1972); *Stearns v. Be-Mac Transport Co., Inc.,* 621 S.W.2d 539 (Mo.App.1981); *Hensic v. Afshari Enterprises, Inc.,* 599 S.W.2d 522 (Mo.App.1980). Points 1, 2 and 3 on appeal complain that the trial court erred in *failing to declare a mistrial* because of prejudicial statements made to the jury by Bowman's counsel during his opening statement. Points 2 and 3 additionally claim error of the trial court in *failing to declare a mistrial* after it admitted the prejudicial evidence mentioned earlier. Point 4 claimed error by the trial court in *upholding an award for Bowman's loss of future earnings.* It is undisputed that Burlington

1. In *Pasley v. Newton,* the court was faced with a motion for new trial which is nearly identical to Burlington Northern's motion here. In holding that the motion preserved nothing for review, the court held:

It is clearly manifest that the motion for new trial is not only void of any *specific* allegation of error sought to be presented by

any of the six points in question, but that it is also destitute of any *general* allegation sufficient to identify the particular rulings of the court that were the subject of defendant's complaint. The trial court has not been given en his "last chance to correct his own errors."

*Pasley v. Newton, supra,* 455 S.W.2d at 48.

Northern's motion for a new trial, quoted supra, is wholly silent on the points of appeal here. Burlington Northern argues, however, that while not in identical language, its motion for a new trial "in essence" presents the allegations of error raised on appeal sufficient to fulfill the requirements of Civil Rules 78.07 and 84.-13(a). The railroad's contention is without merit since these Rules governing motions for new trial *must be strictly enforced, Chambers v. Kansas City,* 446 S.W.2d 833 (Mo.1969); *Belter v. Crouch Bros. Inc.,* 554 S.W.2d 562 (Mo.App.1977); *Harding v. Grant City Sale Barn, Inc.,* 492 S.W.2d 99 (Mo.App.1973), since they are designed to afford the trial court an opportunity to correct its errors without the delay and expense of an appeal. *Belter v. Crouch Bros., Inc., supra.* Since Burlington Northern's points on appeal were not properly included in its motion for new trial, they have not been preserved for review on appeal and we will not consider them here. *Dudeck v. Ellis,* 399 S.W.2d 80 (Mo.1966); *Skelton v. General Candy Co.,* 539 S.W.2d 605 (Mo.App.1976).

■ Burlington Northern does not contend on appeal that review should be made under the "plain error" rule, Civil Rule 84.-13(c), perhaps because none exist. It is well settled that an appellate court will apply the plain error rule only to correct a manifest injustice or to avoid a miscarriage of justice. *Norfolk & W. Ry. v. Riss Intern. Co.,* 560 S.W.2d 332 (Mo.App.1977). After a review of the record, we believe that the errors asserted here are not of that nature and this court, therefore, declines to review the instant case under the "plain error" rule.

Finally, Bowman requests this court to award an additional 10% in damages pursuant to Civil Rule 84.19 [2] on the grounds that Burlington Northern failed to lay any foundation in the trial court for the points raised on appeal, no justiciable question is raised by Burlington Northern, and the points raised on appeal are not fairly debatable.

■ A frivolous appeal is generally defined as one which presents no justiciable question and is so readily recognized as devoid of merit on the face of the record that there is little prospect that the appeal can succeed. *City of Cape Girardeau v. Robertson,* 615 S.W.2d 526, 532 (Mo.App. 1981); *State ex rel. State Hwy. Comm'n. v. Sheets,* 483 S.W.2d 783, 785 (Mo.App.1972). Since the remedy provided in Rule 84.19 is both drastic and unusual, it has been reserved for those rare and unusual situations where its application is warranted and we have held that to evade the damages "the questions raised on appeal must be at least fairly debatable." *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, [9, 11] (Mo.App.1975). We believe that the circumstances present here clearly reveal that appellant Burlington Northern had caused the invoking of Rule 84.19.

■ As discussed above, Burlington Northern failed to preserve its points on appeal here in two separate ways. First, Burlington Northern's motion for new trial did not state directly and with particularity the rulings of the trial court alleged to be erroneous. The motion, thus, preserved nothing for review since the trial court was not allowed a *last* opportunity to correct its own errors. Second, even if the motion for new trial effectively preserved the errors alleged therein, the motion is silent on the points raised on appeal here. Again the motion did not preserve the errors presently asserted since the trial court was allowed *no* opportunity to correct its own errors. Civil Rule 78.07.

On the face of the record, it is clear that Burlington Northern wholly failed to preserve any of its points raised on appeal. These issues have been repeatedly determined by our appellate courts and it is obvious that appellant's contentions are not fairly debatable. There was never any prospect that Burlington Northern would prevail here. The appeal is devoid of merit

---

**2.** Civil Rule 84.19 states "If an appellate Court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper."

**14** 

and is patently frivolous. *United States Fire Ins. Co. v. Madesco Inv.,* 573 S.W.2d 442, 443 (Mo.App.1978). *See Branson v. Jordan,* 571 S.W.2d 707, 709 (Mo.App.1978).

In considering the appropriate amount of damages to be assessed against Burlington Northern pursuant to Rule 84.19, we consider additionally the dilatory tactics which Burlington Northern used in prosecuting the appeal. *United States Fire Ins. Co. v. Madesco Inv., supra.* Initially we note that the trial lasted only two days with verdict and judgment for plaintiff Bowman. The legal issues asserted on appeal involve substantive areas of the law which are not particularly complex and which do not demand exhausting research. Despite these facts, Burlington Northern evoked this court's goodwill and received five separate extensions of time, totalling 180 days, to file required items here.[3]

We conclude that not only is Burlington Northern's appeal patently frivolous, but that the appeal has been taken for the sole purpose of delaying satisfaction of Bowman's judgment entered by the trial court on December 15, 1980. It is now October of 1982. Such a delay in payment of the judgment only acts to the advantage of Burlington Northern because interest thereon in this day of high interest rates is charged by law at the relatively low rate of nine percent, § 408.040 RSMo.1978 (Supp.1981), a rate much below that which Burlington Northern could, and no doubt did, earn during the pendency of this appeal. *See Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, 54 (Mo.App.1975). Burlington Northern's appeal constitutes an abuse of the judicial process as it cast unwarranted burdens on plaintiff Bowman, his counsel, and this court. *United States Fire Ins. Co. v. Madesco Inv.,* supra; *Branson v. Jordan,* supra.

We consider an appropriate award of damages to Vincent Bowman to be 10% of the judgment ($27,500), and order the cause

remanded to the trial court with instructions to amend its judgment and increase the judgment in that amount.

KELLY, P.J., and SMITH, J., concur.

---

3. Burlington Northern received two extensions to file the transcript on appeal, two extensions to file its appellant's brief, and one extension to file its appellant's reply brief—extensions totaling 180 days.

On the other hand, Bowman received only one extension of time which resulted in his respondent's brief being only ten days tardy.