

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| NICOLE E. WILLIAMS, | ) | No. ED110866 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable John P. Banas |
| BRYAN L. WILLIAMS, | ) | |
| | ) | |
| Appellant. | ) | Filed: June 13, 2023 |

## I.    Introduction

On March 11, 2022, the Circuit Court of St. Charles County entered a judgment that, *inter alia*, dissolved the marriage of Bryan Williams ("Husband") and Nicole Williams ("Wife"). Husband subsequently filed a motion to set aside the dissolution judgment on several grounds (the "Motion to Set Aside"). However, the Motion to Set Aside was denied by operation of Rule 78.06[1] when the circuit court did not rule on it within ninety days.

Husband appeals from the circuit court's dissolution judgment and brings five points on appeal. In his third point, Husband contends the circuit court abused its discretion in denying his Motion to Set Aside. However, because Point III does not comply with various requirements of Rule 84.04, it must be dismissed. As for Husband's remaining four points, they were not preserved

---

[1] All rule references are to Missouri Supreme Court Rules (2022).

for appellate review and must be denied. The remaining four points also contain numerous briefing deficiencies that would separately warrant dismissal.

## II.       Factual and Procedural Background

Husband and wife were married in St. Charles County in 2014, and subsequently had two children together. On September 8, 2020, Wife filed her petition for dissolution of their marriage. Husband filed his answer to Wife's petition, as well as filed his own cross-petition for dissolution.

After a period of discovery, Husband's counsel filed a motion requesting leave to withdraw from the case on November 17, 2021 (the "Motion to Withdraw"). The Motion to Withdraw stated that counsel had notified Husband by both e-mail and letter of the hearing date, and also included a copy of the motion itself. The Motion to Withdraw was heard on December 17, 2021, but Husband did not appear at the hearing. The circuit court granted the Motion to Withdraw on this date, and also set the matter for trial on February 8, 2022. The circuit court's memorandum also stated that the circuit court would send notice of the trial date to Husband's last known address.

On February 8, 2022, the matter was called for trial. Wife and her counsel appeared. Husband did not appear. The circuit court heard Wife's evidence and subsequently entered a judgment on March 11, 2022, which, *inter alia*, dissolved the parties' marriage and divided their real and personal property (the "Original Judgment"). Among the assets divided, Wife was awarded a pension account held in Husband's name through the Local No. 1 IBEW National Electrical Contractors Association (the "Pension Account").

On March 22, 2022, Wife filed a post-trial motion requesting an amendment to the Original Judgment (the "Motion to Amend"), which alleged that on the same day of trial—February 8, 2022—Husband transferred $138,966.32 out of the Pension Account without her knowledge or consent. Wife also alleged that the funds transfer was accomplished by a document

2

that contained a forgery of her signature. The Motion to Amend included an affidavit of Wife attesting to the foregoing facts. On April 8, 2022, the circuit court granted the Motion to Amend and entered an amended judgment that awarded Wife the full $138,966.32 that Husband had transferred out of the Pension Account (the "Amended Judgment").

On April 11, 2022, Husband filed a motion captioned *Respondent's Motion to Set Aside March 11, 2022 Order or Default Judgment* (the "Motion to Set Aside").[2] Husband does not cite to any rule or other authority in the motion.[3] The following is the complete text of the Motion to Set Aside:

> COMES NOW respondent Bryan L. Williams ("Respondent") is motioning to set aside judgment on March 11, 2022.
>
> 1. His attorney withdrew December 9, 2021 without notice of a trial date.
> 2. Did not receive notice of trial date prior to trial.
> 3. He was present at every prior court date in this ongoing case.
>
> Do [sic] to the above facts he has good reason for not being available. Reasons for default judgment to be set aside.
>
> > 1. Petitioner was awarded Respondent's Local No. 1, IBEW Pension benefit trust fund / National Electrical Contractor's Association Pension in the name of respondent [Husband]. Which in fact Missouri State Law says Petitioner [Wife] is only entitled to the contributions made during the marriage.
> > 2. The account awarded to Petitioner in fact was not the pension (which comes as monthly payments during retirement) the account was the retirement account.
> > 3. The petitioner's list of marital property is inaccurate.
> > 4. Respondent's visitation is set for 1 hour every other week at Precious Cargo, which has a 3-hour prepaid minimum, in Hillsboro Missouri.
> > 5. Telephone contact may be done between 6 and 7 p.m. when mother is present, which mother doesn't get off work until 7 p.m.

---

[2] We note that in his third point relied on, Husband states the complete title of the Motion to Set Aside as follows: "Respondent's Motion to Set Aside March 11, 2022, Order *Of* Default Judgment" (emphasis added).

[3] Although not cited in the Motion to Set Aside, the motion was presumably filed pursuant to Rule 74.05(d).

> Therefore, Respondent prays that the court set aside March 11, 2022 Judgment for consideration of Missouri State Law and more accurate facts involving this case.

On June 23, 2022, the Motion to Set Aside was called for a hearing on the record and was thereafter taken under advisement. On June 27, 2022, Wife filed her written opposition to the Motion to Set Aside, which set forth several grounds for denying the motion and cited supporting authorities. However, the circuit court never formally ruled on the Motion to Set Aside; therefore, it was denied by operation of Rule 78.06 ninety days after it was filed. This appeal followed.

### III.    Discussion

We first discuss Point III, which must be dismissed for numerous violations of Rule 84.04. Next, we discuss Points I, II, IV, and V, each of which must be denied as unpreserved for appellate review. These points also fail to comply with various requirements of Rule 84.04, which would separately warrant their dismissal.

#### Point III

In his third point, Husband argues the circuit court abused its discretion in denying his Motion to Set Aside. However, Point III fails to comply with numerous requirements of Rule 84.04, including most notably the failure to follow the specific requirements for formulating a point relied on, as set forth in Rule 84.04(d)(1). The complete text of Point III is: "The trial court abused its discretion when it failed to grant Appellant's 'Respondent's Motion to Set Aside March 11, 2022, Order of Default Judgment' and failed to even rule on the matter after an evidentiary hearing."

We initially note that "[t]he briefing requirements of Rule 84.04 are mandatory, and the failure to substantially comply with Rule 84.04 preserves nothing for review." *Burgan v. Newman*, 618 S.W.3d 712, 714 (Mo. App. E.D. 2021) (quoting *Interest of D.A.B.*, 570 S.W.3d 606, 615 (Mo.

App. E.D. 2019)); *accord Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "While perfection is not required, compliance with appellate briefing rules is mandatory 'to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted.'" *Burgan*, 618 S.W.3d at 714 (quoting *Pearson v. Keystone Temp. Assignment Grp., Inc.*, 588 S.W.3d 546, 550 (Mo. App. E.D. 2019)). Although we have discretion to review briefs *ex gratia*, we exercise that discretion only when "we can ascertain the gist of an appellant's arguments, notwithstanding minor shortcomings in briefing." *Id.* (quoting *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018)).

In this case, we decline to exercise our discretion to review Point III because, very simply, we cannot understand the legal basis for this point. The most glaring problems are that Point III fails to: (i) state concisely the legal reasons for Husband's claim of reversible error, and (ii) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error, as specifically required by Rule 84.04(d)(1)(B) and (C). These requirements are vitally important, as our Supreme Court has expressly recognized that proper points relied on are "[c]entral to the formation of a brief" because they "function … to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505. However, "[a] deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id.* Specifically, "[a] point relied on which does not state 'wherein and why' the trial court … erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Id.* (quoting *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005)) (internal quotations omitted). Here, we cannot possibly understand the legal reasons

5

Husband contends the circuit court erred in not ruling on the Motion to Set Aside, and further, why those legal reasons, in the context of the case, support his contention of reversible error. Rule 84.04(d)(4) further informs an appellant that "[a]bstract statements of law, standing alone, do not comply with this rule." However, Point III cannot even be characterized as an "abstract statement of law," as it is nothing more than a conclusory statement that the circuit court abused its discretion, without *any* statement of the applicable law.

Furthermore, the argument section for Point III raises a legal argument different than that raised in the point. In his argument, Husband analyzes the Motion to Set Aside as if it were a motion to reopen the evidence. However, Husband's brief does not cite any specific authority for reopening the evidence, nor did the Motion to Set Aside itself contain any such authority. Ruling on a party's request to reopen the evidence is in the circuit court's discretion. *See In re Marriage of Wasson*, 644 S.W.3d 338, 346 (Mo. App. S.D. 2022) ("A circuit court has wide discretion in deciding whether to grant a motion to reopen a case for admission of additional evidence, and we will not interfere with that decision unless we find an abuse of discretion." (quoting *Baker Team Properties, LLC v. Wenta*, 611 S.W.3d 348, 354 (Mo. App. W.D. 2020)). Also, a motion to reopen the evidence is normally filed after a case has been submitted to the circuit court, but before judgment is entered. *See generally id*. at 347-48. To the extent Husband considered his Motion to Set Aside as a motion to reopen the evidence, we note that the motion was filed ***after*** judgment had been entered. Moreover, both Husband's Motion to Set Aside and his brief to this Court failed to provide any legal authority for the circuit court to first set aside the Amended Judgment that had previously been entered in the case, which would have been a prerequisite to reopening the evidence at that stage of the proceedings. Therefore, even if we could resort to the argument section of Point I, which we cannot, *see Michaud Mitigation, Inc. v. Beckett*, 635 S.W.3d 867, 870

6

(Mo. App. E.D. 2021) ("[A]n insufficient point relied on that cannot be understood without resorting to the record or argument portion of the brief preserves nothing for appellate review."), Husband's argument would not save his deficient point relied on because he has failed to provide any relevant authority for either setting aside the judgment entered or reopening the evidence.

We also note that Husband's statement of facts is inadequate. Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Hoock v. SLB Acquisition, LLC*, 620 S.W.3d 292, 303 (Mo. App. E.D. 2021) (quoting *Nichols v. Div. of Emp. Sec.*, 399 S.W.3d 901, 903 (Mo. App. W.D. 2013)). Although Husband's brief includes a lengthy "statement of facts," it contains several argumentative statements, in violation of the plain language of Rule 84.04(c).

More importantly, Rule 84.04(c) also requires "specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." "[T]he unbiased and concise statement of facts must be supported with complete and accurate citation to the record, which is 'mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record.'" *Id*. at 304 (quoting *Duncan-Anderson v. Duncan*, 321 S.W.3d 498, 499 (Mo. App. E.D. 2010) (per curiam)).

Here, although a select few of Husband's factual statements contain citations to the record, the vast majority do not, making it nearly impossible for this Court to verify the accuracy and veracity of these statements without conducting an exhaustive review of the record and effectively becoming an advocate for Husband. This is something we will not do. *See Hamilton v. Archer*,

7

545 S.W.3d 377, 381 (Mo. App. E.D. 2018) ("[T]he function of an appellate court is not to serve as an advocate for the parties on appeal, and this Court must carefully safeguard its role as a neutral adjudicator."); *Lexow*, 643 S.W.3d at 509 ("This Court cannot act as an advocate for [the appellant] to overcome these [briefing] problems.").

"Because failure to properly present the facts on appeal preserves nothing for our review, '[a]n inadequate statement of facts is grounds for dismissal.'" *Hoock*, 620 S.W.3d at 304 (quoting *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 324 n.1 (Mo. App. E.D. 2014)) (alteration in original). For these reasons, Husband's statement of facts fails to comply with Rule 84.04(c), and this briefing violation alone warrants dismissal.

While there are other deficiencies in Husband's brief, a lengthy discussion of them is unnecessary given the other, more serious, briefing violations discussed above, which alone warrant dismissal of Point III.

Furthermore, even if we overlooked the briefing deficiencies and took Point III at face value, we could not conclude that the circuit court abused its discretion in denying the Motion to Set Aside. Husband failed to make any discernible legal arguments or cite any supporting authority in the motion itself. Therefore, we believe the circuit court was certainly within its discretion in denying the Motion.

Point III is dismissed.

### Points I, II, IV, and V

In addition to suffering from many of the same briefing deficiencies discussed with respect to Point III above, Points I, II, IV, and V attempt to raise issues that are not preserved for appellate review. As noted, Husband did not appear at trial, and the Motion to Set Aside was the only post-trial motion filed by Husband.

"Rule 84.04(e) requires an appellant to include for each claim of error 'a concise statement describing whether the error was preserved for appellate review [and] if so, how it was preserved[.]" *Schaberg v. Schaberg*, 637 S.W.3d 512, 518 (Mo. App. E.D. 2021) (quoting Rule 84.04(e) (alterations in original)). "Failure to comply with Rule 84.04(e) can impede appellate review of the trial court's judgment and thereby fail to preserve any issue for review." *Id*. "Generally we will not convict a trial court of error that it was given no opportunity to correct." *Id*.; *see also Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014) ("It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error *at trial* and did not give the court the opportunity to rule on the question.") (emphasis added)).

In this case, Husband's brief is devoid of any statement explaining whether and how each point was preserved for appellate review. While Husband's failure to appear at trial certainly impeded his ability to make a preservation statement on appeal, this is not something we can condone or ignore.

**Point I: "The trial court abused its discretion and exceeded the scope of its authority and jurisdiction when it awarded non marital / pre marital property of the husband to the wife."**

We initially note that Point I fails to identify which specific items of property Husband takes issue with. Although we may not review the argument portion of an appellant's brief in determining the adequacy of a point relied on, *see Michaud Mitigation, Inc.*, 635 S.W.3d at 870, a gratuitous review of Husband's argument on appeal (for purposes of analyzing the preservation issue only) indicates that he takes issue with the circuit court's disposition of two pieces of property in the Original Judgment: (1) the Pension Account; and (2) the parties' residence at 212 Old Schaeffer Lane (the "Marital Residence"). However, because Husband did not address the circuit

court's disposition of the Marital Residence in the Motion to Set Aside, any claim of error regarding that residence is clearly unpreserved for appellate review.

As for the Pension Account, while it was briefly mentioned in the Motion to Set Aside, any claim of error in Point I addressing the Pension Account is not preserved for appellate review because Husband did not properly raise it in the Motion to Set Aside. Husband's brief statement in the Motion to Set Aside that "Missouri law says [Wife] is only entitled to the contributions made during the marriage" is insufficient.

In a case tried without a jury, a motion for a new trial or a motion to amend the judgment is not required to preserve an issue for appellate review "if the matter was previously presented to the trial court." Rule 78.07(b). However, such motions are necessary when, as here, the matter was **not** presented to the trial court. *See McMahan v. Mo. Dept. of Soc. Services, Div. of Child Support Enf't*, 980 S.W.2d 120, 126 (Mo. App. E.D. 1998) (recognizing that, "[e]ven in a court-tried case, where a post-trial motion is not necessary to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention" (emphasis added)).

"In order to meet the standard of Rule 78.07, the allegations in the motion must be sufficient to give the trial court an opportunity to correct its errors, without requiring the court to resort to aid [outside of] the motion." *Brandt v. Csaki*, 937 S.W.2d 268, 275 (Mo. App. W.D. 1996) (abrogated on other grounds by *Sherrer v. Boston Sci. Corp.*, 609 S.W.3d 697 (Mo. banc 2020)). "The rules governing motions for new trial must be strictly enforced." *Id*. Other courts have similarly recognized that although "general allegations" are adequate if based on "specific objections" made at trial, "specific allegations" are required in a post-trial motion when no trial objections are made (as here). *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9, 11 (Mo. App.

10

E.D. 1983).  Regardless, "the allegations must be *sufficiently definite to direct the trial court's attention to the particular acts or rulings asserted to be erroneous*."  *Id*.; *Gwin by and through Gwin v. City of Humansville*, 525 S.W.3d 567, 571 (Mo. App. S.D. 2017); *see also Bowman*, 645 S.W.2d at 11 (similarly recognizing that "[a] party … is precluded from urging on civil appeal any allegation of error not properly presented to the trial court in a motion for new trial, and any deficiencies in the motion may not be supplied by appellant's brief").

In this case, Husband failed to appear at trial, and therefore, failed to present any matter to the trial court.  Rule 78.07.  Husband's vague statement addressing the Pension Fund in the Motion to Set Aside was not sufficient to preserve this issue for our review because it would have required the circuit court to resort to matters outside of the motion itself to determine the purported error.  However, Husband did not reference in the Motion to Set Aside any additional factual or legal matters not contained in the motion itself that would further support this proposition.  Furthermore, although Husband generally references "Missouri State Law" in the Motion to Set Aside, he fails to mention any *specific* statute, case, rule, or any other authority relevant to his claim of error.  It is not the court's duty to scour the record or the law to find factual or legal support for Husband's arguments.  *See Alport v. Alport*, 571 S.W.3d 680, 685 (Mo. App. W.D. 2019) ("We cannot and will not meander through the record before the trial court to determine if the evidence would even support a finding that some of the property is nonmarital as to do so would place us in the role as an advocate for a party.").  Accordingly, the Motion to Set Aside failed to preserve any claim of error with respect to the circuit court's disposition of the Pension Fund.

***Point II: "The trial court abused its discretion in awarding a disproportionate amount of the marital assets to wife without making any findings justifying a disproportionate award of assets."***

Point II is unpreserved because Husband did not specifically raise this issue in the Motion to Set Aside. Rule 78.07(c) specifically provides that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Therefore, because Point II attempts to assert the failure to make statutorily required findings, this issue must have been specifically raised in a motion to amend the judgment pursuant to Rules 75.01 and 78.07(c). However, Husband filed no such motion, and the Motion to Set Aside did not raise this issue. *See Crow v. Crow*, 300 S.W.3d 561, 564-65 (Mo. App. E.D. 2009) (dismissing an appeal alleging the failure to make findings required under Rule 88.01 because this issue was not raised in a post-trial motion pursuant to Rule 78.07(c)). Accordingly, Point II is unpreserved. *McMahan*, 980 S.W.2d at 126-27.

***Point IV: "The trial court abused its discretion in ordering Husband to pay Wife's attorney the sum of $20,000 because this fee award was contrary to law in that the trial court was unclear if it was relying on §452.355 or its authority to impose sanction; and the fee award in this case is overly punitive and arbitrary."***

There is no reading of the Motion to Set Aside whereby it can be argued that Husband attempted to raise the issue of attorney's fees before the trial court. Therefore, Point IV is unpreserved. *Id*.

***Point V: "The court abused its discretion when it chose to adopt, verbatim, the proposed judgment of wife."***

Like Point II, no motion to amend was filed as required by Rule 78.07(c), and there is no reading of the Motion to Amend whereby it can be argued that Husband attempted to raise this issue before the trial court. Therefore, Point V is unpreserved. *Id*.

*Briefing Violations*

Finally, we note that Points I, II, IV, and V violate several provisions of Rule 84.04, which are mandatory in any appeal. *See Lexow*, 643 S.W.3d at 505. However, because we have already determined that these points are not preserved for appellate review, we need not discuss these briefing violations in detail, which constitute separate grounds for dismissing these points outright.[4]

*Conclusion for Points I, II, IV, and V*

Therefore, Points I, II, IV, and V preserved nothing for appellate review. *Burgan*, 618 S.W.3d at 714; *Hoock*, 620 S.W.3d at 303. In addition, each point would separately warrant dismissal due to various briefing violations.

Points I, II, IV, and IV are denied.

## IV.    Conclusion

For the foregoing reasons, Point III is dismissed for numerous violations of Rule 84.04. Points I, II, IV, and IV are denied as unpreserved for appellate review. Therefore, the Amended Judgment is affirmed.

_____
Kelly C. Broniec, Presiding Judge


Philip M. Hess, J. and
James M. Dowd, J. concur.

---

[4] We briefly address a few noteworthy briefing violations for illustration. First, Point I is multifarious because it alleges two types of legal error (i.e., that the circuit court "abused its discretion" and "exceeded the scope of its authority and jurisdiction"). In addition, although Point I itself does not identify the specific items of "non marital" or "pre marital" property being challenged, the argument portion of Point I is also multifarious in that it challenges the circuit court's award of more than one item of property to Wife (i.e., the Pension Account and the Martial Residents). Thus, Point I preserves nothing for appellate review. *Lexow*. 643 S.W.3d at 505-06 (noting that Rule 84.04(d) "requires separate points to challenge separate rulings or actions," and thus, "[c]onsolidating 'multiple, independent claims' into a point is not permitted") (quoting *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017). Second, each point fails to follow the template for formulating a point relied on, as set forth in Rule 84.04(d)(1).