**Kathe HARETUER, Respondent,**

v.

**Don KLOCKE, Appellant.**

No. 50383.

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 1986.

Norbert M. Reker, St. Louis, for appellant.

William J. Prebil, Creve Coeur, for respondent.

PER CURIAM.

This is an appeal from a judgment for respondent on a promissory note. The judgment was for $1725 plus costs. The case was tried to the court without a jury. The judgment is supported by the record and no error of law appears. Respondent's motion to strike the record on appeal, taken with the case, is denied. No precedential purpose would be served by a written opinion.

The judgment is affirmed, Rule 84.16(b), but respondent's motion for damages for a frivolous appeal is granted, and the trial court is instructed to increase the amount of the respondent's judgment by the sum of $750.

The appeal arose from a suit on a promissory note in which the only issue was whether the note was supported by consideration. The note was given "for value received" which imports consideration. In addition, the appellant admits that he received for the note, a continuing barber business, certain barber equipment and tools, an air-conditioner, and the good will of a going business.

There was indisputably consideration for the note. In an action on a promissory note, where plaintiff is the payee, the defendant has available all defenses which would be available on a simple contract action. Sec. 400.3–306, RSMo.1978, *Duggins v. Simon*, 517 S.W.2d 82, 89[1] (Mo. 1974). Where there is consideration in a simple contract action, in the absence of fraud, inadequacy of consideration is not a defense and the courts do not examine the adequacy of that consideration. *Hathman v. Waters*, 586 S.W.2d 376, 385[14] (Mo. App.1979), *Twin River Const. Co. v. Public Water District*, 653 S.W.2d 682, 690[5] (Mo.App.1983).

Appellant's points relied on are inadequate under Rule 84.04(d) because they state only that the judgment for the plaintiff was against the preponderance of the evidence relating to the question of ownership of certain fixtures, a question which was not relevant to the consideration issue. There was, in fact, no basis for an appeal.

In this day when the volume of litigation is growing almost exponentially, it is necessary that appeals be taken only when there is truly a justiciable issue to be determined. In this case the appeal should have been readily recognizable as devoid of merit on the face of the record. Appellant should have known that it would not succeed. The issue presented on appeal was the wrong issue. The correct issue, consideration, was not fairly debatable. *Branson v. Jordon*, 571 S.W.2d 707, 709[3] (Mo. App.1978).

Counsel, as officers of the court, should be ever diligent to analyze the issues be-

fore taking an appeal, and should file appeals only when there is a fairly debatable question of error on the part of the trial court. In this case there was none.

Respondent's motion for damages for frivolous appeal is granted. Rule 84.19.

The judgment is affirmed and the cause remanded to the trial court which is instructed to amend its judgment by increasing the amount of respondent's judgment by the sum of $750.